### LUTEN v. WIMBUSH.

ATKINSON, J. 1. Where a person is indicted in the superior court of a county in this State for the offense of transporting intoxicating liquors in that county in violation of the State law, the superior court ordinarily has jurisdiction to try the alleged offender, and is not deprived of jurisdiction to allow the defendant to waive arraignment and enter a plea of guilty to the indictment, or from imposing a sentence as provided by law on the basis of such a plea, on account of the fact that at the time the plea of guilty is entered the defendant is serving a sentence committing him to jail imposed by the district court of the United States for an offense against the Federal laws with which he was charged in that court.

(a) The petition for habeas corpus alleged that the petitioner "plead guilty" to the indictment, and did not allege that he was not present in court when the plea was entered. In the circumstances the petition will be construed as alleging that the petitioner was present in court when his plea of guilty was entered.

2. In the light of rulings made in the case of United States *v*. Lanza, 260 U. S. 377 (43 Sup. Ct. 141, 67 L. ed. 314), the remaining grounds of attack upon the judgment imposing sentence upon the defendant were abandoned in the briefs of the attorneys at law for the plaintiff in error, filed in this court; and no ruling will be made on the questions involved in such grounds of attack.

3. The judge did not err in sustaining the demurrer to the petition for habeas corpus.          *Judgment affirmed. All the Justices concur.*

No. 5332. JUNE 19, 1926.

Habeas corpus. Before Judge Mathews. Bibb superior court. January 26, 1926.

*E. W. Butler* and *E. W. Maynard*, for plaintiff.

*Charles H. Garrett*, for defendant.